# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TRAVON WHITE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:17CV777 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Travon White to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On April 29, 2015, movant pled guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. *United States v. White*, No. 4:14-CR-348 HEA. On August 20, 2015, the Court sentenced him to 98 months' imprisonment. He did not appeal, and he did not file a timely § 2255 motion.

Movant's judgment became final on September 4, 2015, and he filed this action on February 13, 2017, over one year and five months later.

In this case, movant argues that his sentence is now invalid under *Dimaya v. Lynch* 803 F.3d 1110 (9th Cir. 2015), *cert. granted, Sessions v. Dimaya*, No. 15-1498, and *Mathis v. United States*, 136 S.Ct. 2243 (2016). He asserts that his motion is timely under 28 U.S.C. § 2255(f)(3) because *Dimaya* and *Mathis* announced a new rule that has been made retroactive by the Supreme Court. He is incorrect.

This action is barred by the limitations period because *Dimaya* has not been decided by the Supreme Court and because *Mathis* is not retroactively applicable to cases on collateral

review. *Mathis* was a statutory interpretation case, not a substantive constitutional challenge under the Due Process Clause. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [a new rule made retroactive by the Supreme Court]; it is a case of statutory interpretation."); *see also United States v. Evenson*, ---F.3d---, 2017 WL 3203547 (8th Cir. July 28, 2017) ("As the Supreme Court presented it, the decision [in *Mathis*] simply reflected the 'straightforward' application of decades of precedent.").

Movant presents no other arguments that might give rise to equitable tolling. Therefore, the motion is denied.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Therefore, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed forthwith.

Dated this 17th day of August, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE